UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT HEZEKIAH PRESCOTT,

               Plaintiff,

v.

RUTH GRUIZENGA and MARK HOLSOMBACK,

               Defendants.
_____/

Case No. 2:22-cv-10399

HONORABLE STEPHEN J. MURPHY, III

**ORDER TRANSFERRING CASE TO THE UNITED STATES
DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN**

    Plaintiff Robert Hezekiah Prescott, a state prisoner confined at the Macomb Correctional Facility in Lenox Township, Michigan, filed a pro se civil rights complaint under 42 U.S.C. § 1983. ECF 1. The Defendants are Ruth Gruizenga, Chief Clerk for the Ninth Judicial Circuit Court in Kalamazoo County, and Mark Holsomback, an assistant prosecutor for Kalamazoo County. *Id.* at 5.

    Plaintiff claimed that Defendant Gruizenga violated Plaintiff's right of access to the courts by neglecting to file a motion for relief from judgment on the docket, and that Defendant Holsomback conspired with her to do so. *Id.* at 6–8, 11–14. Plaintiff also alleged that Defendant Holsomback withheld exculpatory evidence related to his criminal trial. *Id.* at 10–11.

    The proper venue for civil actions in which jurisdiction is not based on diversity of citizenship is the judicial district where: (1) any defendant resides if all defendants reside in the same state; (2) "a substantial part of the events or omissions giving rise

1

to the claim occurred, or a substantial part of the property" in question is situated; or (3) any defendant is subject to the court's personal jurisdiction if there is no other district in which Plaintiff may bring the action. *See* 28 U.S.C. § 1391(b)(1–3). Public officials "reside" where they perform their official duties. *See O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972). If venue is improper in the district where a case is filed, but would be proper in another district, "a district court has the power to sua sponte transfer [the] case" under 28 U.S.C. § 1406(a). *Cosmichrome, Inc. v. Spectra Chrome, LLC*, 504 Fed. App'x 468, 472 (6th Cir. 2012).

Both Defendants are public officials who perform their official duties in and for Kalamazoo County, Michigan—Defendant Gruizenga as the Chief Clerk for the county's circuit court and Defendant Holsomback as one of the county's assistant prosecuting attorneys—and the events giving rise to Plaintiff's claims occurred solely within Kalamazoo County. *See* ECF 1. Kalamazoo County is located within the geographical borders of the United States District Court for the Western District of Michigan. *See* 28 U.S.C. § 102(b)(1). Because both Defendants are in the Western District and the complaint concerns events arising only in the Western District, venue is not proper in the Eastern District. The Court will therefore transfer the case to the Western District of Michigan.

Because the Court will transfer the case, the Court has not addressed Plaintiff's application to proceed in forma pauperis, ECF 2, or screened the complaint.

**WHEREFORE**, it is hereby **ORDERED** that the Clerk of Court **TRANSFER** this case to the United States District Court for the Western District of Michigan.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: February 28, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 28, 2022, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager